## SWAIN *v.* CHENEY.

It is no objection to the admission of a book of accounts as evidence, when accompanied by the oath of the party, that the book is kept in ledger form. And the book may be competent as evidence, though the charges appearing upon it had their origin in, and arose under a special contract.

Books of account are still admissible in evidence, notwithstanding the parties are now enabled to testify as witnesses in chief.

Where there was a special contract between the parties, as to the price per thousand feet that should be paid to the plaintiff for drawing

certain lumber over a particular route, but the parties disagreed as to what that price was, as fixed by the contract; evidence will be admissible, as bearing upon the probabilities of the case, to show what was the usual and common price paid at that time and place for similar services; and evidence of the amount paid to one or more individuals for drawing the same kind of lumber over the same route, at the same time, would be competent.

ASSUMPSIT, brought by James R. Swain against Charles Cheney, upon account annexed for drawing lumber. The plaintiff relied upon an express verbal contract to draw the lumber from a mill in Dorchester to a depot in Rumney, for one dollar and fifty cents per thousand. The defendant claimed that, by the express contract, the plaintiff was to have one dollar and fifty cents per thousand if he drew it from the mill, but only one dollar per thousand if he drew it from the top of the hill between the mill and the depot. It was agreed that in fact the plaintiff drew it from the top of the hill, and not from the mill, and the only question was, whether by the express contract the price was fixed at one dollar and fifty cents per thousand, without regard to which place the lumber should be drawn from, or whether by the express contract the price was to be one dollar and fifty cents, if the lumber was drawn from the mill, and one dollar if it was drawn from the top of the hill.

The plaintiff offered to prove what he paid one Bodson for drawing a part of the lumber in question from the top of the hill to the depot, after the plaintiff and defendant had made the contract, and also what had been paid by others for drawing other lumber from and to various places in that vicinity; but the evidence was excluded by the court.

The plaintiff testified fully concerning the contract and the drawing of the lumber, and offered his book of original entries, kept in ledger form, containing a charge against the defendant for drawing the lumber at one

dollar and fifty cents per thousand. The court ruled that the book was not admissible as a book of accounts supported by the supplementary oath of the party, but that it was admissible as a memorandum for all the purposes for which it would be admissible as a memorandum made by a witness, and it was admitted and used as such a memorandum.

There was an offset, upon which the jury returned a verdict for the defendant, which the plaintiff moved to set aside, for error in the foregoing rulings of the court; and the questions arising upon the case were reserved for the consideration of the whole court.

*Herbert*, for the plaintiff.

*Morrison & Stanley*, for the defendant.

SARGENT, J. We think that the testimony offered as to what was paid Bodson for drawing a part of this same lumber, and between the same points and over the same route, after the parties had made their contract, should have been admitted. That there was a contract was admitted, and it would seem that there was no controversy about the terms of it, except as to the agreed price for drawing the lumber between the top of the hill and the depot; and while the plaintiff testified positively, as it would seem, that this agreed price was one dollar and fifty cents per thousand, the defendant probably testified just as positively that the agreed price was but one dollar per thousand. Here, then, there was a single point in dispute for the jury to settle; and, as the evidence was conflicting, the jury must find the fact to be either one way or the other, according to the preponderance of the evidence; and if the direct testimony was evenly balanced, then they must consider the probabilities of the case, and weigh them, and thus come to a conclusion.

And it seems to us that the evidence offered tended to show what was the common price for conveying that precise kind of lumber over the same road, and at the same time, which would, we think, be competent, as tending to show whether it was more probable that the price agreed to be paid was one dollar, or one dollar and fifty cents per thousand. What bearing the evidence might have had we cannot tell, because we cannot tell what other facts and circumstances were connected with it, that might give it more or less weight with the jury. But these could only be ascertained upon the cross-examination. But we think the evidence offered was competent, in the view we have stated, and should have been admitted. Whether the other testimony offered, of the price paid for drawing other lumber from and to other places in the neighborhood, was admissible, must depend upon the circumstances in each particular case, and how far they tended to show what the usual price was for drawing lumber between these two points ; but we cannot determine this question from the facts stated in the case.

Was the plaintiff's book of accounts, supported by his oath in common form, admissible in evidence ? The fact that it was kept in ledger form was no valid objection to its admissibility. Many men of small business keep all their accounts in that way, by having each page headed with the name of some person with whom they have dealings, and then entering each item of charge against that person, with its date and amount upon that page. It is held, in *Cummings* v. *Nichols*, 13 N. H. 420, that there is no particular form in which the book of a party must be kept, in order to its admission in evidence in support of his account. It must be kept in such a way as to show of itself a charge against the adverse party, and the nature of that charge, so that the book, with the oath of the party as to the time of the entry, and the other particulars required in such cases, will show the nature of the claim

without further evidence from the party to interpret his books, &c. The rule is well and fully stated in the case referred to; and all this can be done by keeping the book in ledger form as well as any way.

Nor is it any objection to the book in this case, that the labor and services charged were performed under a special contract as to the price. Upon the hauling and delivery of each thousand feet of lumber at the depot, there was due by the contract the amount agreed to be paid for drawing it, and whether the loads may have contained even thousands or not is immaterial; it was proper that the plaintiff should each day charge the amount he had drawn, and the charge would not only be evidence of what the plaintiff understood the price to be, but of the time, and the amount of lumber hauled each day; and the whole amount thus drawn and charged from day to day was the account annexed to the writ upon which this suit was brought. If the items of the account were not proper matters to be charged upon book, and proved by the book, it might be difficult to see how the plaintiff could maintain his action at all, as it seems from the case that the only count in the declaration was upon an account annexed. But, however this might be, we think that the facts in this case come up to the requirements of the rule laid down in *Cummings* v. *Nichols*, before cited, where this question is also fully discussed; and that the charges in this case were properly made upon the book; and if so, then it follows, by the authority of the same decision (*Cummings* v. *Nichols*), that the book should have been admitted as evidence; for it is there settled that when a charge has thus been duly made, it is susceptible of proof by the books and oath of the party, notwithstanding it may have had its origin in a special agreement. I am aware that this question also raises another important point in practice, which is as to the admissibility of books of account at all as evidence, since our statutes of 1857

Swain *v.* Cheney.

and 1858, removing the disqualification of interest in witnesses, and thereby allowing parties to testify in chief. Books of account have been admitted in evidence, accompanied by the suppletory oath of the party, in this State, and very generally in this country, contrary to the rule of the common law; not because they constituted the best kind of evidence, but because, when the parties could not testify as witnesses in chief, their books, with their suppletory oath, was the best evidence the nature of the case would admit of. The rule has had its origin in convenience, and the difficulty of producing better evidence in most cases where there had been long continued dealings between the parties. Had the law been the same always that it now is in this State, allowing parties to testify, it might never have been necessary to have admitted the books at all as evidence, but they might have been used as memoranda, to refresh the recollection of the witness in all cases, as they have heretofore been used sometimes before auditors, when the party wished to establish any fact collateral to the direct issue of debt and credit between the parties. *Putnam* v. *Goodall,* 31 N. H. 419. But the practice has been before auditors, heretofore, where the parties might be made witnesses in chief, to admit the books also, when they were kept in such a way as to be admissible, according to the decisions of the court upon that subject. And we think that the practice is so general and so well understood, that it would cause much more confusion and inconvenience now to change the rule, than could be gained by such a change, and we think the books of the party should be admitted now under the same rule as formerly, although the party can now testify as witness in chief.

In accordance with the views stated, the verdict must be set aside, and

*A new trial granted.*